UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORETTO O'REILLY, JR. | CIVIL ACTION |
| VERSUS | NO: 21-1027 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL. | SECTION: "A" (5) |

### ORDER

**IT IS ORDERED** that the **Motion to Re-Set Deadlines (Rec. Doc. 44)** and **Ex Parte Motion for TRO (Rec. Doc. 48)** are dismissed as **MOOT**. These motions were filed before the discussion held at the telephone conference on December 15, 2021. (Rec. Doc. 54, Minute Entry).

After the conference held on December 15, 2021, Plaintiffs filed their **Amended Motion for Temporary Restraining Order (Rec. Doc. 55),** which was not factored into the consent motion to reset deadlines filed by the parties (Rec. Doc. 52). Although the motion seeks emergency relief, Plaintiffs do not oppose having the motion submitted shortly after the holidays in the new year. STPG requests an opposition deadline of January 18, 2022. But STPG advised the Court during the telephone conference that it cannot guarantee that its contractor will hold the work being challenged in abeyance if requested to do so while the Court conducts the administrative review in this case. It was clear to the Court during the telephone conference that the parties have very different assessments as to the extent of the construction work being done at this time.

1

Although most APA review cases are submitted on cross motions for summary judgment, the typical case does not involve the allegations of irreparable harm that are present in this case. The Court remains persuaded that staggered submission dates for Plaintiffs' motions and for the dispositive motions to be filed by Defendant and Intervenors makes the most sense in this case, and would not overburden the Court with unnecessary briefing while the Court is considering whether the work at issue should be enjoined during the review process. A staggered submission schedule will streamline the briefing in this case, will allow the Court to provide a more expedient treatment of Plaintiffs' motions given their allegations of irreparable harm, and if Plaintiffs' motions are denied, then Defendant's and Intervenors' motions for summary judgment can be handled more expeditiously.

**IT IS FURTHER ORDERED** that the consent **Motion to Re-Set Deadlines and to Consolidate Plaintiffs' Preliminary Injunction With the Merits (Rec. Doc. 52)** is **DENIED,** except that the motion for preliminary injunction **(Rec. Doc. 49)** is reset for submission on **February 2, 2022**, on the briefs. Opposing and supplemental memoranda shall be filed by the deadlines agreed to.

**IT IS FURTHER ORDERED** that oppositions to Plaintiffs' **Amended Motion for Temporary Restraining Order (Rec. Doc. 55),** which was filed after the December 15, 2021 telephone conference, must be filed by **January 10, 2022**, at which time the Court will take up the motion on the briefs. In light of the emergency nature of this motion the Court will not entertain a reply memorandum. The Court is amenable to relaxing the opposition deadline if STPG can assure the Court that the contractor will voluntarily cease work until the Court can rule.

**IT IS FURTHER ORDERED** that Defendant's and Intervenors' deadline to file dispositive motions is stayed pending further orders of the Court, as is their deadline to file their oppositions

to Plaintiffs' motion for summary judgment (Rec. Doc. 41). All of Defendant's and Intervenors' efforts should be focused on opposing the emergency and preliminary injunctive relief being sought by Plaintiffs. After the Court issues its ruling on the TRO and PI motions, the Court will set a briefing schedule to govern Plaintiffs' motion for summary judgment and the cross motions that Defendant and Intervenors intend to file.

December 22, 2021

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE