UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORETTO O'REILLY, JR., ET AL.                    CIVIL ACTION

VERSUS                                           NO: 21-1027

UNITED STATES ARMY CORPS OF                      SECTION: "A" (5)
ENGINEERS, ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Amended Motion for Temporary Restraining Order (Rec. Doc. 55)** filed by the plaintiffs, Loretto O'Reilly, Healthy Gulf, Coalition for Responsible Zoning, and the Sierra Club and its Delta Chapter ("Plaintiffs"). Oppositions have been filed by the defendants, United States Army Corps of Engineers and Lt. General Scott A. Spellmon (collectively and singularly "the Corps"), and the intervenors, St. Tammany Parish Government ("the Parish") and All State Financial Co. ("All State").

The motion was submitted for consideration on the briefs upon receipt of the oppositions on January 10, 2022.

This civil action is a challenge to the Corps' approval of two dredge and fill permits issued under Section 404 of the Clean Water Act, for the destruction and paving-in of a total of 40 acres of forested wetlands near Covington, St. Tammany Parish, Louisiana. (Rec. Doc. 1, Complaint at 1).

Judicial review of final agency action is conducted under the auspices of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Plaintiffs allege that the Corps violated both the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321,

1

*et seq.*, and the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, when it issued the permits.

The two permits at issue in this action are the Timber Branch II permit, which was obtained by All State, and the Ochsner Blvd. Extension Road permit, which was obtained by the Parish. The motion currently before the Court for emergency relief pertains to the Ochsner Blvd. Extension Road permit.[1]

For the reasons that follow, the motion is denied.

## I.    BACKGROUND

On February 6, 2018, Bruce Wainer of All State applied to the Corps for a Section 404 wetlands fill permit to create the Timber Branch II subdivision, a proposed multi-use commercial and residential development in unincorporated St. Tammany Parish southwest of Covington, Louisiana. (Complaint ¶ 80). The total project acreage of Timber Branch II as described in the application is 69.19 forested acres; wetlands comprise 24.58 of those acres. (*Id.* ¶ 81). On November 3, 2020, the Corps approved the Section 404 permit for the Timber Branch II development. (*Id.* ¶ 116). Plaintiffs contend that this permit is substantially similar to the fill project called Timber Branch II that the Court enjoined in 2003, involving the same tract of land.[2] *See O'Reilly v. United States Army Corps of Engr's*, No. 04-940, 2004 WL 1794531 (E.D. La. Aug. 10, 2004), *affirmed in part and reversed in part*, 477 F.3d 225 (5th Cir. 2007).

---

[1] All State filed an opposition to the motion for a temporary restraining order even though the Ochsner Blvd. Extension Road permit was issued to the Parish. All State explains that it has a vested interest in the Extension Road project because it will benefit the surrounding areas. (Rec. Doc. 60, All State opposition at 3).

[2] The Court has opted to forego a detailed factual and procedural background for the Timber Branch II permit because the motion currently before the Court pertains to the Ochsner Blvd. Extension Road permit only.

On November 10, 2016, the Parish applied for a permit to fill 31.5 forested acres of land to build a two-mile extension road between Highway 1077 and Ochsner Boulevard in order to alleviate local traffic congestion. (Complaint ¶ 150). Wetlands comprise 15.8 of the 31.5 acres to be filled. (*Id.* ¶ 148). On November 17, 2020, the Corps approved the Section 404 permit for the Ochsner Blvd. Extension project. (Complaint ¶ 170).

Plaintiffs complain that the Timber Branch II and Ochsner Blvd. Extension Road permits are only two of dozens of Section 404 permits that the Corps has issued in west St. Tammany Parish, which have collectively eliminated hundreds of acres of flood-absorbing wetlands and replaced them with impermeable concrete. (Complaint ¶ 2). Primary among Plaintiffs' concerns (which include loss of wildlife habitat, traffic and noise problems, and diminution of water quality) is that one of the most critical functions of wetlands is their capacity to absorb floodwaters, and according to Plaintiffs, flooding has reached epic proportions in the region. (*Id.* at 1). At the risk of oversimplifying Plaintiffs' challenge to the Corps' decision to issue the Timber Branch II and Ochsner Blvd. permits—because Plaintiffs do challenge the permits on numerous grounds—the crux of Plaintiffs' complaint is that the Corps took a myopic view with respect to each permit without considering the detrimental cumulative impacts that these two additional permits would contribute to in light of all of the other permits issued in that region.

Plaintiffs filed the instant complaint for declaratory and injunctive relief on May 27, 2021. The administrative record was lodged on November 15, 2021, (Rec. Doc. 36), and supplemented on January 10, 2022, (Rec. Doc. 59). On November 22, 2021, Plaintiffs moved for leave to file a motion for summary judgment pertaining to both

permits that exceeded the page limits imposed by the Local Rules. (Rec. Doc. 38). The Court granted that motion but rather than have the motion for summary judgment submitted on the December 8, 2021 date requested by Plaintiffs, a date which would have required the oppositions to be filed immediately after the Thanksgiving holiday weekend, the Court set the motion for submission on January 19, 2022. (Rec. Doc. 40, Order). The Corps and the intervenors sought to adjust the briefing schedule which then prompted Plaintiffs' to file their first motion for a temporary restraining order ("TRO").[3] (Rec. Doc. 48, Motion). On the same day that they moved for a TRO, Plaintiffs filed a motion for preliminary injunctive relief. (Rec. Doc. 49, Motion). In light of the flurry of motions being filed, including those for emergency relief, the Court held a telephone status conference on December 15, 2021. (Rec. Doc. 54, Minute Entry). The parties proposed various approaches to structuring the motion practice in this case and the Court urged all parties to reach an agreement. The parties reached much common ground as to scheduling but days later Plaintiffs filed their amended motion for a temporary restraining order. (Rec. Doc. 55, Motion). The Court then issued its own briefing schedule. (Rec. Doc. 57, Order).

## II. DISCUSSION

Construction under the Timber Branch II permit issued to All State is not imminent. Thus, the motion for emergency relief does not pertain to that permit.

The Parish's contractor has begun work relating to the connector road under the Ochsner Blvd. Extension Road permit. Plaintiffs request that the Court enjoin the Parish

---

[3] The first motion for a temporary restraining order was filed as an ex parte/consent motion with no notice of submission but the Court instructed the Clerk to accept the deficient motion. The Court dismissed that motion as moot (Rec. Doc. 57, Order), after Plaintiffs filed their amended motion for a TRO.

from engaging in all activity pursuant to the permit until such time as the Court may decide the preliminary injunction motion or the merits, that the Court enjoin the Ochsner Blvd. Extension Road permit until such time as the Court may decide the preliminary injunction motion or the merits of the case, and that the Court relieve Plaintiffs of having to post security in order to obtain this emergency relief.

The decision to issue emergency injunctive relief lies within the trial court's sound discretion but the remedy should only issue if the movant establishes a substantial likelihood of success on the merits, a substantial threat of irreparable injury if the injunction is not issued, that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and that the grant of an injunction will not disserve the public interest.[4] *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citing *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006)). In this circuit extraordinary emergency relief should not be granted unless all four requirements have been met. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) (citing *Lake Charles Diesel, Inc. v. Gen. Motors Corp.,* 328 F.3d 192, 195–96 (5th Cir.2003)).

A temporary restraining order is an extraordinary form of relief and obtaining one requires the movant to carry an onerous burden. *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020) (quoting *Scott v. So. Elec. Supply Co.*, 2013 WL 12108746, at *1 (N.D. Miss. May 14, 2013)). Temporary restraining orders function to preserve the status quo by preventing

---

[4] In their amended motion for a temporary restraining order the plaintiffs have limited their argument in support of substantial likelihood of success on the merits to a single issue, the alternatives analysis, *i.e.*, that the Corps failed to adequately address alternatives that avoid the destruction of wetlands.

irreparable harm until the preliminary injunction hearing. *Id.* (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

The requested TRO will not function to preserve the status quo by preventing irreparable harm until the preliminary injunction hearing. Notwithstanding that the Corps approved the Section 404 permit for the Ochsner Blvd. Extension project on November 17, 2020, Plaintiffs did not file suit until May 27, 2021. The Parish began the public bid process for the construction in May and June 2021. The contract was awarded to Magee Excavation & Development, LLC on October 13, 2021, and Magee received its notice to proceed from the Parish on November 4, 2021. (Rec. Doc. 61-2, Affidavit). The preparatory work on the site of the project began not long after yet Plaintiffs did not move for a TRO until December 15, 2021—the amended TRO motion was not filed until December 20, 2021. Because Plaintiffs delayed in seeking a TRO until well after the preparatory work was already underway, their request for a TRO will not preserve the status quo. To the contrary, it would completely disrupt the status quo. The question whether the work at issue should be enjoined pending a decision on the merits should be decided on Plaintiffs' motion for a preliminary injunction. Because that motion will be submitted relatively soon on February 2, 2022, and because the work taking place at this time is preparatory in nature, a TRO is not necessary.[5]

Further, the Parish explains that it has already spent over $4,000,000.00 in public funds on the Ochsner Blvd. Extension Road project. (Rec. Doc. 61-1, Long affidavit).

---

[5] Given that the work taking place at this time is preparatory in nature, and given that the motion for a preliminary injunction will be submitted shortly, Plaintiffs' concerns with noise, traffic, diminution in water quality, and flood control do not support a finding of irreparable injury.

The Parish cannot unilaterally either terminate or suspend the construction contract. Magee attests that if it were forced to demobilize from the site it would cost approximately $69,481.22 to do so with an additional $69,481.22 to then remobilize if the project were allowed to continue. (Rec. Doc. 61-2). Magee's estimate as to the loss of revenue likely to occur if a TRO issues is significant. And while the Parish will not concede that Magee would be entitled to any damages should a TRO issue, the Parish is naturally concerned about being exposed to a claim for significant delay damages. Any such damages would necessarily come from public funds thereby harming the public interest.

The Court is persuaded that the request for a temporary restraining order should be denied. The Court is not persuaded that Plaintiffs have met their burden in demonstrating that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and that the grant of an injunction will not disserve the public interest. Further, the preliminary injunction motion will be expeditiously addressed.

Accordingly;

**IT IS ORDERED** that the **Motion for Temporary Restraining Order (Rec. Doc. 55)** filed by the plaintiffs, Loretto O'Reilly, Healthy Gulf, Coalition for Responsible Zoning, and the Sierra Club and its Delta Chapter is **DENIED**.

January 13, 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE